**Samuel D. ROSEN, Plaintiff–Appellant,**

**v.**

**COUNTY OF SUFFOLK, New York, Suffolk County Sheriffs Department, Gary Faucon, Sergeant, Suffolk County Deputy Sheriff (Badge # 25), Schreiber, Suffolk County Deputy Sheriff (Badge # 131), and Does 1–10, Defendants,**

Susan A. Hanrahan a/k/a Susan Hanrahan Rosen, Michael J. Ostrow, and Barbara Brown, Defendant–Appellees.

Docket No. 02–7033.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Eric M. Lieberman, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, New York, NY, for Appellant.

Mark E. Goidell, Lazer, Aptheker, Feldman, Rosella & Yedid, LLP, Melville, NY, for Appellee Susan A. Hanrahan, for Appellee.

Present: F.I. PARKER, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED in part, and VACATED and REMANDED in part.

Plaintiff-appellant Samuel D. Rosen appeals from the judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*), entered on March 29, 2002, granting defendant-appellee Susan A. Hanrahan's motion to dismiss Rosen's § 1983 and state law claims. The complaint alleges that Hanrahan violated Rosen's constitutional rights and committed state law torts when she filed several petitions seeking Temporary Orders of Protection ("TOP") and swore out a criminal complaint alleging Rosen had pushed her down a flight of stairs.[1] The district court dis-

---

1. Rosen's complaint also included claims against Suffolk County, the Suffolk County Sheriff's Department, two individual deputy sheriffs, and Hanrahan's attorneys in the state court proceedings, Michael J. Ostrow and Barbara Brown. The district court dismissed

missed the § 1983 claim on *Younger* abstention grounds, and for failure to state a claim. Although the district court determined that it lacked diversity jurisdiction over the remaining state claims, it also dismissed the state claims on *Younger* abstention grounds without explicitly deciding, as an initial matter, if it was appropriate to exercise supplemental jurisdiction over the state claims. Rosen argues that the district court erred by dismissing his § 1983 claim for failure to state a claim, dismissing his federal and state claims on *Younger* abstention grounds, and by failing to decide whether to exercise supplemental jurisdiction.

■ The district court dismissed Rosen's § 1983 claim against Hanrahan because Rosen failed to establish that Hanrahan was a state actor. To state a § 1983 claim, a plaintiff must prove that he or she was deprived of constitutional rights as a result of state action by a state actor. A party may be a state actor "because he [or she] is a state official, because he [or she] has acted together with or has obtained significant aid from state officials, or because his [or her] conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Rosen argues that under *Lugar* and this Court's decision in *Dahlberg v. Becker*, 748 F.2d 85 (2d Cir.1984), Hanrahan may be considered a state actor because she invoked a facially unconstitutional statute to accomplish a property deprivation. In contrast to the prejudgment attachment statute at issue in *Lugar*, however, the relevant statutory section presently at issue-Article 8 of the New York Family Court Act ("FCA"), FCA § 821, *et seq.*-provides that a TOP may issue only upon a showing of good

cause, following judicial review of the application. FCA § 828(1)(a). Neither the Supreme Court in *Lugar*, nor this Court in *Dahlberg* found that a private party may be sued under § 1983 when the challenged order was of a state judicial officer. We decline to expand the reach of § 1983 to encompass Hanrahan's application for a TOP.

Rosen also argues that Hanrahan should be considered a state actor because he "alleged that Hanrahan invoked the significant participation of Suffolk County officials in effectuating the constitutional deprivation." However, it is not enough to make a conclusory allegation that the private and state parties acted in concert, "the complaint must allege facts demonstrating that the private entity acted in concert with the state actor." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992). Therefore, the district court did not err by dismissing Rosen's § 1983 claim.

■ Next, Rosen argues that the district court erred by dismissing his state law claims seeking monetary damages on *Younger* abstention grounds. *Younger* abstention generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but ... a stay of the action pending resolution of the state proceeding

Rosen's claims against Ostrow and Brown. Rosen does not challenge the dismissal of those claims. The County defendants and individual deputy sheriffs did not join the motion to dismiss that is the subject of the present appeal.

may be appropriate." *Kirschner v. Klemons,* 225 F.3d 227, 238 (2d Cir.2000). Therefore, the district court erred by dismissing Rosen's state law claims seeking monetary damages on *Younger* abstention grounds.

We vacate the portion of the district court's judgment that dismisses Rosen's state law damages claims and remand so that the district court may: 1) decide whether to exercise supplemental jurisdiction because Rosen's state law damages claims "form part of the same case or controversy" as Rosen's claims against the remaining defendants, *see Ciambriello v. County of Nassau,* 292 F.3d 307, 325 (2d Cir.2002); 2) decide whether the exercise of supplemental jurisdiction should be declined under 28 U.S.C. § 1367(c); and 3) if it chooses to exercise supplemental jurisdiction, determine whether it would be appropriate to issue a stay of the federal action pending the outcome of the related state proceedings.

For the reasons we have stated, the portion of the judgment dismissing Rosen's § 1983 claim is AFFIRMED. The portion of the judgment dismissing Rosen's state law claims seeking monetary damages is VACATED and REMANDED for further proceedings consistent with this order.