**Tyrone ROBINSON, Plaintiff–Appellant,**

v.

**NEW YORK CITY HOUSING AUTHORITY, Defendant–Appellee.**

**Docket No. 02–9188.**

United States Court of Appeals, Second Circuit.

Dec. 15, 2004.

Tyrone Robinson, New York, NY, for Appellant, pro se.

Ricardo Elias Morales, General Counsel, New York City Housing Authority, New York, NY, for Appellee.

PRESENT: CARDAMONE, CABRANES and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

Plaintiff appeals from a final judgment dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), based on a failure to state a claim upon which relief can be granted.

Plaintiff's complaint, which we have not seen, apparently seeks an injunction against eviction, retroactive adjustment of plaintiff's rent, and compensatory and punitive damages, including damages for physical and mental suffering. Plaintiff argues that he has a right to bring suit under § 1983, based on violations of his federal housing rights established under the Housing Act of 1937, 42 U.S.C. § 1437a. Plaintiff asserts that he can bring suit regardless of the existence of state administrative remedies, relying upon the Supreme Court's decision in *Wright v. City of Roanoke Redevelopment and Housing Authority,* 479 U.S. 418,

---

427–29, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). Construing plaintiff's complaint as favorably as possible, we will assume this to be what he alleged there, and agree that such a suit could state a claim under § 1983.

Our Court has held that claims for monetary damages under § 1983 are not barred by the *Younger* abstention doctrine, *Rivers v. McLeod*, 252 F.3d 99, 101–02 (2d Cir.2001), though otherwise identical claims for injunctive or declaratory relief brought in the same complaint are barred. *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir.2000). At this time we lack an adequate record to determine precisely what issues were litigated in the multiple state proceedings. For this reason, and to allow the District Court to analyze plaintiff's statutory claim, we affirm the dismissal under *Younger* to the extent that plaintiff seeks injunctive or declaratory relief and remand to the District Court for consideration of whether *Rooker–Feldman*, preclusion, or any other doctrine bars plaintiff's remaining claims.

We hereby **AFFIRM** the judgment of the District Court in part and **VACATE** the judgment in part and **REMAND** for further proceedings consistent with this ruling. Each party shall bear its own costs.