**Samuel D. ROSEN, Plaintiff–Appellant,**

v.

**COUNTY OF SUFFOLK (NEW YORK), Suffolk County Sheriff's Department, Gary Faucon (Badge # S25), Suffolk County Deputy Sheriff Schreiber (Badge # 131), Suffolk County Deputy Sheriff, Susan A. Hanrahan, Defendants–Appellees.**

No. 04–2291.

United States Court of Appeals, Second Circuit.

Jan. 21, 2005.

Eric M. Lieberman, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, New York, NY, for Appellant.

Christopher A. Jeffreys, Assistant County Attorney for Suffolk County (Ann K. Kandel, Assistant County Attorney; Christine Malafi, Suffolk County Attorney, on the brief), Hauppauge, NY, for Appellees.

PRESENT: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

This matter was the subject of a prior Summary Order of this Court. *See Rosen v. County of Suffolk*, 53 Fed.Appx. 578 (2d Cir.2002). There we affirmed, in part, the District Court's dismissal of several claims against defendant Susan A. Hanrahan and remanded for reconsideration the District Court's dismissal of state law claims. Upon subsequent motions of the County defendants and Hanrahan,* the District

---

* Defendant Hanrahan filed a separate motion seeking both dismissal of all state law causes of action against her and attorneys' fees. The District Court denied the request for attor-

Court then dismissed the remaining federal claims and declined to assert jurisdiction over plaintiff's state law claims. *Rosen v. County of Suffolk*, 305 F.Supp.2d 229 (E.D.N.Y.2004). Plaintiff now appeals the District Court's dismissal of plaintiff's federal claims. We remand to the District Court for consideration of plaintiff's facial and as-applied constitutional challenges to New York Family Court Act § 828. We affirm the District Court's dismissal of each of plaintiff's other claims.

▮ We agree that the facts, as alleged in plaintiff's Second Amended and Supplemental Complaint, fail to make out causes of action against the Suffolk County Sheriff's Department (the "Department") for violations of plaintiff's Fourth and Fourteenth Amendment rights based on the Department's service, execution, and subsequent enforcement of a Temporary Order of Protection (the "Order") issued against plaintiff by the Suffolk County Family Court on August 17, 2000. Efforts by the Department to notify plaintiff of the Order and to serve the Order were reasonable as a matter of law and did not constitute substantive or procedural violations of plaintiff's rights to due process under the United States Constitution. We also find that the conduct of members of the Department in serving and enforcing the Order on August 19, 2000, was equally reasonable and did not, as a matter of law, constitute violations of plaintiff's Fourth or Fourteenth Amendment rights. We further agree that, on the facts of this case, there was no constitutional violation in the Department's declining to escort plaintiff to the marital home prior to the return date of the Order so that plaintiff could retrieve items that he had left behind. Finally, we concur in the District Court's

holding that Schreiber and the other law enforcement defendants are entitled to qualified immunity for serving, executing, and enforcing the Order.

While the February 25, 2004, judgment purports to dismiss each of plaintiff's then surviving causes of action, it does not address the merits of the third cause of action in the Second Amended and Supplemental Complaint, which makes facial and as-applied constitutional challenges to New York Family Court Act § 828. The defendants argue that the plaintiff abandoned these claims in the District Court. Having reviewed the record on appeal, we do not agree. We therefore remand to the District Court so that it may consider the merits of the facial and as-applied challenges to New York Family Court Act § 828.

The portion of the judgment dismissing the plaintiff's facial and as-applied challenges to New York Family Court Act § 828 is VACATED and REMANDED for further proceedings. In the event that any of the defendants named in any of the state law claims over which the District Court declined under 28 U.S.C. § 1367(c)(3) to assert supplemental jurisdiction is a party to any claim remaining before the District Court following this remand, the Court should reconsider its election to decline jurisdiction over claims involving such party. In all other respects, we AFFIRM the judgment.

---

neys' fees and declined to exercise supplemental jurisdiction over the related state law claims. Neither Hanrahan nor plaintiff has

raised objections to either of these orders on this appeal and they have played no part in our deliberations.