**PATHWAYS, INC., Plaintiff–Appellant,**

v.

**R. Michael DUNNE, Leslie S. Bhutani, Charles R. Vitale, Mamie I. Lee, Margaret W. Casey, Nicholas F. Papanicolaou, Brookridge District Association, Town of Greenwich, Planning & Zoning Commission of Town of Greenwich, Louisa H. Stone, Peter K. Joyce, and Carmella C. Budkins, Defendants–Appellees.**

Docket No. 01–9343.

United States Court of Appeals, Second Circuit.

Argued: Oct. 24, 2002.

Decided: May 8, 2003.

Daniel W. Moger, Jr., Jacques & Moger, P.C., Greenwich, Conn., for Plaintiff–Appellant.

Andrew J. McDonald, Stamford, Conn. (Brian C. Roche, Pullman & Comley, LLC, Stamford, Conn.; Michael J. Cacace, Cacace, Tusch & Santagata, Stamford, Conn., on the brief), for Defendants–Appellees Dunne, Bhutani, Vitale, Lee, Casey, and Brookridge District Association.

Haden P. Gerrish, Greenwich, Conn. (Aamina Ahmad, Fernando D. DeArango, Town of Greenwich Attorney's Office, Greenwich, Conn., on the brief), for Defendants–Appellees, Town of Greenwich, Greenwich Planning and Zoning Commission, Stone, Joyce and Budkins.

Before: MESKILL, NEWMAN, and POOLER, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This case involves federal court abstention issues arising in the context of multiple state court lawsuits concerning attempts to operate a home for the mentally ill in Greenwich, Connecticut. The pending federal lawsuit was brought by the operator of the home to end public and private opposition to the home. Pathways, Inc., ("Pathways") appeals from two rulings entered on September 28, 2001, by the United States District Court for the District of Connecticut (Christopher F. Droney, District Judge). The first ruling dismissed Pathways' claims for declaratory and injunctive relief and stayed Pathways' claims for monetary relief. *Pathways, Inc. v. Dunne*, 172 F.Supp.2d 357, 366 (D.Conn.2001). The second ruling (unreported) denied Pathways' motion for a preliminary injunction. Developments in the state court cases occurring after the District Court ruled have eliminated part of the controversy and narrowed the issues before us. We conclude that, as against the public defendants, Pathways' claims are moot and, as against the private defendants, Pathways' claims for injunctive and declaratory relief no longer present the concerns that led the District Court to dismiss them. We therefore affirm in part, vacate in part, and remand to the District Court for further proceedings.

### Background

*Parties.* Pathways is a Connecticut nonprofit corporation that operates three residential facilities in Greenwich for persons with psychiatric disabilities. The private defendants are the Brookridge District Association ("Brookridge"), an unincorporat-

ed association of homeowners within a specified area of Greenwich, and several members of Brookridge ("Brookridge Members"), collectively referred to as "the Brookridge Defendants." The public defendants are the Town of Greenwich ("Town"), its Planning and Zoning Commission ("Zoning Commission"), and officials of the Town and/or the Zoning Commission, collectively referred to as "the Greenwich Defendants."

*State Court Litigation.* This controversy arises from a zoning dispute that began in 1997, when Pathways informed residents of Brookridge that it intended to purchase and develop a plot of land ("the property") within Brookridge for use as a residence for sixteen psychiatrically disabled persons. The Brookridge Members allegedly responded by launching a letter-writing campaign intended to dissuade Pathways from its plan.

Litigation in Connecticut state courts ensued. Three state court cases are relevant to the pending appeal. We will refer to them as "the Restrictive Covenant Suit," "the Zoning Appeal Suit," and "the Stipulation Suit."

*The Restrictive Covenant Suit.* In December 1997, Brookridge initiated suit in the Connecticut Superior Court to enjoin the sale of the property to Pathways and Pathways' proposed use of it. Brookridge alleged that the property was subject to a restrictive covenant precluding Pathways' intended use of the land. Pathways took the position that no such covenant existed and that any such covenant would have expired by operation of law.

In April 1998, prior to any hearing in the Restrictive Covenant Suit, Pathways completed its purchase of the property. In May 1998, Pathways filed an answer, special defenses, and a counterclaim. The counterclaim asserted that Brookridge's actions violated the federal Fair Housing

Act, 42 U.S.C. § 3601 *et seq.* (2000) ("FHA"), and the Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat. § 46a–64c (2003) ("CHROA"). The counterclaim sought money damages and injunctive relief.

In September 1998, Brookridge voluntarily withdrew its amended complaint as moot. Pathways' counterclaim remained pending, and in November 1998, Pathways filed a motion for summary judgment on the counterclaim. This motion remained pending at the time the District Court considered and granted the Defendants' motion to dismiss the claims for declaratory and injunctive relief in the federal litigation.

*The Zoning Appeal Suit.* In March 1999, Pathways applied to the Zoning Commission for a special permit and site plan approval to build an addition to the eight-bedroom residence on the property. Pathways applied as a "convalescent home" under local zoning regulations. Brookridge urged the Zoning Commission to deny the request on the grounds that Pathways' proposed use did not qualify as a convalescent home because its residents would not be restricted to the elderly. The Zoning Commission denied Pathways' application on this ground.

In July 1999, Pathways appealed the decision of the Zoning Commission to the Connecticut Superior Court. While the appeal was pending, Pathways and the Zoning Commission agreed in principle to a stipulation that would permit Pathways to operate its intended facility for a reduced number of residents. By state law, this stipulation required court approval before it could become effective. Conn. Gen. Stat. § 8–8(n) (2003).

After learning of the proposed stipulation, Brookridge moved to intervene in the appeal, and the Superior Court denied in-

tervention. Brookridge then filed a petition for certification to appeal the denial of its motion to intervene. The certification was granted by the Connecticut Appellate Court, and the appeal was subsequently transferred to the docket of the Connecticut Supreme Court. The Superior Court stayed most aspects of the proceedings pending the appeal.

After the District Court made its rulings in this case on September 28, 2001, the Connecticut Supreme Court dismissed Brookridge's appeal for lack of a final judgment. *Pathways, Inc. v. Planning & Zoning Commission*, 259 Conn. 619, 793 A.2d 222 (2002). At oral argument, this Court was informed that the Superior Court had entered judgment ordering the Zoning Commission to comply with the stipulation to which it and Pathways had agreed. *See Pathways, Inc. v. Planning and Zoning Commission*, No. CV99–0497666S, slip op. at 24, 2002 WL 31235049 (Conn.Super.Ct. Aug.30, 2002). After oral argument, we were informed that Brookridge's petition for certification to appeal the Superior Court's judgment had been denied. *See Pathways, Inc. v. Greenwich Planning and Zoning Commission*, PAC–02–011, slip op. (Conn.App.Ct. Nov. 20, 2002).

*The Stipulation Suit.* In September 2000, Brookridge filed in the Connecticut Superior Court an appeal of the decision of the Zoning Commission to approve the stipulation. This action was dismissed. Brookridge appealed, and the appeal was pending before the Connecticut Supreme Court at the time of the District Court's rulings in the present case. *See Pathways*, 172 F.Supp.2d at 362. After those rulings, the Connecticut Supreme Court affirmed dismissal of the Stipulation Suit. *Brookridge District Association v. Planning & Zoning Commission*, 259 Conn. 607, 793 A.2d 215 (2002).

*Federal Litigation.* In July 2000, Pathways filed a complaint in the District Court. The first cause of action, directed against the Brookridge Defendants, alleged violations of the FHA and the CHROA. Pathways alleged that these defendants' state court litigation tactics were "pretextual legal maneuvers" that had prevented the Zoning Commission from issuing the special permit and site plan approval that it had agreed to provide. Pathways complained that these tactics, as well as the "threats and interference" created by the Brookridge Defendants' letter-writing campaign and continued objections to Pathways' project, violated the FHA and CHROA.

The second cause of action, directed against the Greenwich Defendants, alleged that these defendants' refusal to grant zoning approval to Pathways was based on the disability of the intended residents and constituted a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (2000), the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (2000), and the FHA.

Pathways sought declaratory relief, preliminary and permanent injunctive relief, and money damages. Pathways moved for a preliminary injunction, alleging that, absent prompt relief, it would suffer irreparable harm because the grants on which it depended to complete the project could expire or be withdrawn.

The Brookridge and Greenwich Defendants filed motions to dismiss on various grounds, and on September 28, 2001, the District Court granted the motions in part. Specifically, the Court dismissed Pathways' claims for injunctive and declaratory relief because of the Anti–Injunction Act, 28 U.S.C. § 2283 (2000), and the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Pathways*, 172 F.Supp.2d at 366. The Court denied the motions to dismiss

insofar as Pathways sought monetary damages, but stayed the monetary claims pending the outcome of the state court cases. *Id.* In a separate order entered the same day, the Court denied Pathways' motion for a preliminary injunction.

## Discussion

### I. Jurisdiction

■ Pathways invokes this Court's jurisdiction pursuant to both 28 U.S.C. § 1292(a)(1), which governs interlocutory appeal, and 28 U.S.C. § 1291, which governs appeal from a final judgment. Although the Appellees do not contest our jurisdiction, we are nonetheless obliged to consider the issue. *See Ehre v. New York (In re Adirondack Railway Corp.),* 726 F.2d 60, 62 (2d Cir.1984).

■ Pathways is correct that an order of abstention is considered final for purposes of appeal, at least when the order applies to the entire complaint. *See United Fence & Guard Rail Corp. v. Cuomo,* 878 F.2d 588, 592 (2d Cir.1989); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 15A *Federal Practice and Procedure,* § 3914.14 at 745 (1992) ("[A]n order that dismisses the entire action is final."). However, where, as here, the abstention results in the dismissal of only some of the plaintiff's claims, it is unclear whether the order puts the plaintiff "effectively out of court." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 9–10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (*Pullman* abstention considered final judgment); *cf. Goldberg v. Carey,* 601 F.2d 653, 657 (2d Cir.1979) (holding that where district court abstained but referred only state claims to state judiciary, abstention could not be appealed as final order).

■ However, jurisdiction is clearly proper under section 1292(a)(1), which

makes appealable orders denying preliminary injunctive relief. *See Goldberg,* 601 F.2d at 657–58 (upholding jurisdiction under section 1292(a)(1) where stay of federal action on abstention grounds was attended by denial of plaintiff's motion for preliminary injunction); *see also Privitera v. California Board of Medical Quality Assurance,* 926 F.2d 890, 892–93 (9th Cir.1991) (agreeing with *Goldberg* ). Because the denial of the preliminary injunction is inextricably intertwined with the District Court's dismissal of Pathways' claims for injunctive and declaratory relief, we assume pendent appellate jurisdiction over those claims also. *See United States Fidelity and Guaranty Co. v. Braspetro Oil Services Co.,* 199 F.3d 94, 96–97 (2d Cir. 1999).

### II. Claims Against the Brookridge Defendants

■ The District Court dismissed Pathways' claims for declaratory and injunctive relief against the Brookridge Defendants on the basis of the Anti–Injunction Act and the *Younger* abstention doctrine. The Anti–Injunction Act, subject to some exceptions, prohibits injunctive relief that would interfere, directly or indirectly, with pending state proceedings, *see County of Imperial v. Munoz,* 449 U.S. 54, 58–59, 101 S.Ct. 289, 66 L.Ed.2d 258 (1980) (federal court may not effectively enjoin state proceeding by framing injunction as restraint on parties), or that would "prohibit[ ] utilization of the results of a completed state proceeding," *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The *Younger* abstention rule refers to the principle of federalism that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circum-

stances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Kirschner v. Klemons,* 225 F.3d 227, 233 (2d Cir.2000) (internal quotation marks omitted).

From the information provided by the parties, we now know that the lawsuits and litigation efforts initiated by the Brookridge Defendants against Pathways in the state courts have concluded.[1] Because there are no pending state court claims that the Brookridge Defendants are pursuing against Pathways and no completed state proceeding that Pathways seeks to avoid, the Anti–Injunction Act no longer obstructs Pathways' claim for injunctive relief.[2] Similarly, the state proceedings that gave rise to the District Court's *Younger* concerns are no longer pending.

Pathways' claims for injunctive relief against the Brookridge Defendants, at least insofar as those claims dealt with state cases pending when the District Court ruled, are now moot because those cases are concluded. However, we read Pathways' claims for injunctive relief also to include a prospective component: Pathways sought to prevent suits that the Brookridge Defendants might file in the future, or other obstructive activity in which they might engage. The Anti–Injunction Act does not prevent a federal court from restraining a party from instituting future state proceedings. *See Dombrowski v. Pfister,* 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); *In re Baldwin–United Corp.,* 770 F.2d 328, 335 (2d Cir.1985); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 17 *Federal Practice and Procedure,* § 4222 at 506–07 (1988). Similarly, "*Younger* is not

a bar to federal court action when state judicial proceedings have not themselves commenced." *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 238–39, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984).

To the extent that Pathways' injunctive claims seek relief from future suits, they are neither moot nor removed from federal jurisdiction by the Anti–Injunction Act or *Younger* principles.

The dismissal of Pathways' claim for declaratory relief is now not warranted, even if it was appropriate when the District Court ruled. Declaratory relief may sometimes be prohibited by the Anti–Injunction Act, *see Gajon Bar & Grill, Inc. v. Kelly,* 508 F.2d 1317, 1319–20 (2d Cir. 1974), and *Younger* abstention principles, *see Kirschner,* 225 F.3d at 235. However, as we have noted, there are no longer any pending state proceedings that could implicate *Younger* or Anti–Injunction Act concerns. Thus, the portion of the judgment dismissing Pathways' claim for declaratory relief against the Brookridge Defendants must be vacated. Also, because there are no longer any pending state proceedings the outcome of which the District Court might appropriately have wished to await, the stay of Pathways' damages claims against the Brookridge Defendants should be lifted on remand.

### III. Claims Against the Greenwich Defendants

At oral argument, counsel for Pathways conceded that if the judgment in the Zoning Appeal Suit approving the stipulation that Pathways had reached with the Greenwich Defendants was not disturbed on direct appeal, Pathways would seek no further relief against the Greenwich De-

---

**1.** In the one state court case not entirely concluded, the Restrictive Covenant Suit, only Pathways' counterclaim remains; that case therefore presents no Anti–Injunction Act or *Younger* issues.

**2.** There is therefore no need to consider the parties' arguments as to whether the FHA provides an express exception to the Anti–Injunction Act.

fendants in the pending federal suit. With the denial of Brookridge's petition for certification to appeal in the Zoning Appeal Suit, that case has now run its course. Because there is no relief Pathways now seeks from the Greenwich Defendants in federal court, there is no need to reach the District Court's decision to abstain on *Younger* grounds. We affirm the District Court's dismissal of the claims against the Greenwich Defendants on the ground that these claims are moot.

### Conclusion

The order of the District Court is affirmed to the extent that it dismissed Pathways' claims for injunctive and declaratory relief against the Greenwich Defendants. The order is vacated to the extent that it dismissed Pathways' claims for injunctive and declaratory relief against the Brookridge Defendants. The case is remanded for further proceedings. Upon remand, the District Court shall vacate the stay of the monetary claims against the Brookridge Defendants and afford Pathways an opportunity to renew its claim for a preliminary injunction. No costs.